UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES RAYNOR,<br> *Plaintiff*, | :<br>:<br>: |
| v. | :   3:24-cv-1270 (KAD) |
| LIEUTENANT TRUMELL, et al.,<br> *Defendants*. | :<br>:<br>: |

**INITIAL REVIEW ORDER ON AMENDED COMPLAINT**

Kari A. Dooley, United States District Judge

  Plaintiff James Raynor ("Raynor"), a sentenced inmate at Cheshire Correctional Institution, filed a complaint under 42 U.S.C. § 1983 against five prison officials, alleging violations of his rights under the Constitution and Connecticut state law. Compl., ECF No. 1. The Court conducted an initial review of that complaint under 28 U.S.C. § 1915A. *See* Initial Rev. Order ("IRO"), ECF No. 14. The Court thereafter permitted Raynor to proceed on his individual capacity claims for damages based on: (1) Fourth Amendment violations arising from his strip search against Officer Devost, Officer Rickett, Lieutenant Trumell, and Unit Manager Verrastro; (2) Eighth Amendment violations arising from sexual abuse against Devost, Rickett, Trumell, and Verrastro; (3) Eighth Amendment violations for deliberate indifference to his safety and to his mental health against Devost, Rickett, Trumell, and Verrastro; and (4) Fourth Amendment violations against Counselor Arnold and Verrastro. *Id.* at 20. The Court also permitted Raynor to proceed on his state law claims. *Id.*

  The Court dismissed Raynor's First Amendment retaliation claim, his Fourteenth Amendment equal protection claim, his Sixth Amendment assistance of counsel claim, his First Amendment access to courts claim, his Fifth Amendment due process claim, and his claim alleging violation of Department of Correction ("DOC") policies. *Id.* at 13, 15, 17, 19, 20. However, the

Court permitted Raynor to file an amended complaint by March 5, 2025, if he could allege facts to cure the deficiencies identified in the initial review order. *Id.* at 20.

Raynor did not file an amended complaint by March 5, 2025, in an attempt to cure the deficiencies in his original complaint. Defendants moved to strike Raynor's original complaint because it did not contain "a short plain statement of the claim in compliance with Rule 8 Federal Rule of Civil Procedure." Def. Mot. to Strike, ECF No. 31, at 1. Within the time for responding to Defendants' motion, Raynor filed a motion to amend his original complaint. Mot. to Am., ECF No. 39. According to that motion, Raynor sought to amend his complaint to add new state tort claims and "revise the entire complaint for clarity and consistency." *Id.* at 1. The Court granted Raynor's motion to amend and denied Defendant's motion to strike as moot in light of the forthcoming amended complaint. ECF No. 40.

The Court now reviews that amended complaint under 28 U.S.C. § 1915A.

**Standard of Review**

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. v.*

2

*Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  In conducting its initial review, a court may consider "relevant records and written correspondences" attached to the complaint.  *See Breton v. Lamont*, No. 3:21-CV-719 (SRU), 2021 WL 3726011, at *2 n.3 (D. Conn. Aug. 23, 2021) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

The Court's review of an amended complaint differs in some respects than its review of an original complaint.  Because the purpose of an amended complaint is "to clarify or amplify the original cause of action, not add new causes of action," *Castellano v. Trump*, No. 3:17-CV-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017), the Court's review of Raynor's amended complaint is limited to whether he has pled additional facts therein that would support previously dismissed claims.  *See Jordan v. Quiros*, No. 3:23-CV-254 (VAB), 2024 WL 3219130, at *4 (D. Conn. June 28, 2024) (refusing to consider plaintiff's "new theories of liability or new claims" in second amended complaint because it would defy purpose of amended complaint).  Accordingly, the Court will not review any new claims—including new state-law claims—in this initial review order.[1]

---

[1] The Court limits its review for purposes of 28 U.S.C. § 1915A to federal-law claims because the core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants.  If there are no facially plausible federal-law claims against any of the named defendants, then the Court would decline to exercise supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367.  However, if there are any viable federal-law claims that remain, then the validity of any accompanying state-law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment.  The Court's determination for purposes of an initial review order that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment.

**Allegations**

Because the Court's initial review of the amended complaint is limited to whether Raynor has alleged additional facts to support previously dismissed claims, the Court does not recite here allegations supporting claims that it originally advanced. *See* Am. Compl., ECF No. 42 ¶¶ 9–43 (allegations concerning strip search). Nor does it recite facts related to Raynor's claims that officials violated DOC policies or Raynor's rights under the Fifth Amendment, as no combination of facts could resurrect these claims. Accordingly, the Court recites only those facts that may support Raynor's Sixth Amendment assistance of counsel claim, First Amendment retaliation claim, Fourteenth Amendment equal protection claim, and First Amendment access to courts claim.

Raynor alleges in his amended complaint that he was scheduled to have a legal call with his attorney on the morning of May 9, 2024. *Id.* ¶ 44. Raynor's unit counselor, Arnold, *id*. ¶ 8, was responsible for placing the call to Raynor's attorney. *Id.* ¶ 44. Arnold placed the call to Raynor's attorney and then transferred the call to another phone in Arnold's office. *Id.* ¶ 45. Raynor asked Arnold for some privacy. *Id.* ¶ 46. Arnold told Raynor that she did not have to leave her office. *Id.* Arnold stayed within listening range of the call. *Id.* Raynor then spoke to his attorney in an unsecure area of the recreation room during recreation time. *Id.* ¶ 48. Multiple people walked in and out of the room while Raynor spoke to his attorney on the phone. *Id.* ¶ 49. Raynor's attorney was concerned by the background noise. *Id.* ¶ 50. Raynor alleges that Arnold's "conduct relative to [Raynor's] use of privileged phone calls [wa]s in direct retaliation for [Raynor's] assertion and protection of his personal and constitutional rights (e.g.[,] relative to being free from unlawful search)." *Id.* ¶ 51.

Raynor brought Arnold's actions to the attention of Unit Manager Verrastro. *Id.* ¶ 53. Verrastro took no "corrective actions" to ensure that Arnold complied with DOC Administrative Directives or federal and state law. *Id.* ¶ 54. Raynor must continue to take legal calls in non-secure areas through which correctional officers and other inmates pass. *Id.* ¶ 55.

**Discussion**

The Court now considers whether Raynor's allegations in his amended complaint "cure the deficiencies identified" in the court's initial review order on Raynor's original complaint. Initial Review Order, ECF No. 14, at 20. Specifically, the Court considers whether these allegations support a Sixth Amendment assistance of counsel claim, First Amendment retaliation claim, Fourteenth Amendment equal protection claim, or First Amendment access to courts claim.

### *Sixth Amendment Assistance of Counsel Claim*

The Court construed Raynor's original complaint as alleging a Sixth Amendment violation related to Raynor's ability to have private conversations with his attorney. *See* Initial Rev. Order, ECF No. 14, at 15. In the specific context of a criminal defendant inmate's access to counsel, the Second Circuit has concluded that a restriction on a criminal defendant's contact with his or her attorney is "unconstitutional where [the] restriction unreasonably burdened the inmate's opportunity to consult with his [or her] attorney and to prepare his defense." *Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001) (quotation and citation omitted). The Court previously concluded that Raynor had not alleged facts to support an inference that he was subjected to conditions that denied him an opportunity to confer privately with his attorney and to prepare his defense or that defendants had stopped Raynor's attorney from visiting him or sending him legal mail concerning his case. Initial Rev. Order, ECF No. 14, at 16. Accordingly, it dismissed this claim. *Id.* at 17.

5

As the Court previously noted, "restrictions on inmates' access to counsel via the telephone may be permitted as long as prisoners have some manner of access to counsel." *Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y. 1988); *see also Benjamin*, 264 F.3d at 185 (acknowledging "certain restrictions on a detainee's right to counsel may be justified by the constraints of institutional [prison] management"). Because Raynor has offered no additional facts in his amended complaint suggesting that defendants deprived Raynor of the ability to communicate with his attorney, any Sixth Amendment claim remains dismissed. 28 U.S.C. § 1915A(b)(1).

### *First Amendment Retaliation Claim*

"To sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Bacon v. Phelps*, 961 F.3d 533, 542 (2d Cir. 2020). The Court previously concluded that filing a grievance satisfied the first element and that transferring plaintiff to another prison satisfied the second element. *See* Initial Rev. Order, ECF No. 14, at 12. But the Court also concluded that "Plaintiff's complaint fail[ed] to allege facts to satisfy the requisite causal connection between the protected activity and the transfer," in satisfaction of the third element. *Id.*

Raynor now identifies the "adverse action" as Arnold and Verrastro's denial of "basic privacy in communicating with [Raynor's] attorney." Am. Compl., ECF No. 42, at 16. Assuming this action could also be considered adverse, Raynor's reframed retaliation claim suffers from the same deficiency as his original retaliation claim—namely, a lack of facts suggesting a causal

6

connection between the protected speech and the adverse action. *See* Initial Rev. Order, ECF No. 14, at 12; *Bacon*, 961 F.3d at 542.

Raynor attempts to establish this causal connection in his amended complaint by asserting that Arnold's "conduct relative to [Raynor's] use of privileged phone calls [wa]s in direct retaliation for [Raynor's] assertion and protection of his personal and constitutional rights (e.g.[,] relative to being free from unlawful search)." Am. Compl., ECF No. 42, ¶ 51. In other words, Raynor alleges that Arnold and Verrastro did not provide privacy to Raynor for his legal calls because he had filed grievances against other officers who were involved in the strip search described in the amended complaint.

"The Second Circuit as well as other district courts within the Circuit have observed that it is difficult to establish one defendant's retaliation for complaints against another defendant." *Dixon v. Lupis*, No. 3:20-CV-1754 (VLB), 2021 WL 4391246, at *9 (D. Conn. Sept. 24, 2021) (cleaned up) (collecting cases). And "[r]etaliation claims have been dismissed when they are supported only by conclusory allegations that the retaliation was based upon complaints against another officer." *Jones v. Fischer*, No. 9:10-CV-1331 (GLS) (ATB), 2013 WL 5441353, at *21 (N.D.N.Y. Sept. 27, 2013) (collecting cases). Because Raynor has failed to allege any non-conclusory facts establishing that Arnold and Verrastro even knew that Raynor had filed a grievance related to the strip search, the facts alleged in the amended complaint fail to suggest a causal connection between Raynor's protected speech and any allegedly adverse action. *See*, *e.g.*, *Jordan v. Dep't of Corr.*, No. 3:24-CV-236 (VAB), 2025 WL 1835955, at *8 (D. Conn. July 3, 2025) (dismissing First Amendment retaliation claim because plaintiff "failed to allege any non-conclusory facts showing that other staff even knew about the grievance filed against [other

officers], let alone retaliated against [plaintiff] in response to it"). Accordingly, Raynor's First Amendment retaliation claim remains dismissed. 28 U.S.C. § 1915A(b)(1).

### *Fourteenth Amendment Equal Protection Claim*

A successful equal protection claim requires a plaintiff to "allege facts showing that the plaintiff was treated differently from similarly situated individuals and that the reason for the different treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Morgan v. Semple*, No. 3:16-CV-225 (VAB), 2020 WL 2198117, at *19 (D. Conn. 2020) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)). Absent a suspect classification, a plaintiff may proceed under a "class of one" theory by "alleg[ing] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Fortress Bible Church v. Feiner*, 694 F.3d 208, 222 (2d Cir. 2012) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

The Court previously concluded that Raynor had not alleged membership in a suspect class or alleged a successful equal protection claim under a "class of one" theory of discrimination because Raynor had not identified any comparator to support an inference of an equal protection violation. Initial Rev. Order, ECF No. 14, at 14. Raynor has not attempted to do so in his amended complaint. Accordingly, this claim remains dismissed. 28 U.S.C. § 1915A(b)(1).

### *First Amendment Access to Courts Claim*

To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered an actual injury, *see Lewis v. Casey*, 518 U.S. 343, 351–53 (1996)—that is, he must allege that "defendant's conduct deprived him of an opportunity to press some nonfrivolous, arguable

8

cause of action in court." *Baker v. Weir*, 2016 WL 7441064, at *2 (D. Conn. 2016) (quoting *Brown v. Choinski*, 2011 WL 1106232, at *5 (D. Conn. 2011)). The Court dismissed Raynor's access to courts claim because he did not allege facts to describe any past or present legal claim or defense that has been thwarted by any defendant's actions, nor had he alleged facts to support a claim "that any such actions are or were arguably meritorious and not frivolous." Initial Rev. Order, ECF No. 14, at 19 (quoting *Mitchell v. Martin*, No. 3:23-CV-902 (JAM), 2023 WL 8114344, at *4 (D. Conn. 2023)). Raynor has not attempted to cure these deficiencies in his amended complaint. Accordingly, this claim remains dismissed. 28 U.S.C. § 1915A(b)(1).

**Conclusion**

Raynor's amended complaint does not cure the deficiencies identified in the Court's first Initial Review Order, but he has alleged sufficient facts in his amended complaint to pursue the claims the Court previously permitted to proceed. Accordingly, the Court enters the following orders, and, due to the delay in reviewing the Amended Complaint, the Court also *sua sponte* extends the deadlines set in the first Initial Review Order as follows:

(1) The case shall proceed on Plaintiff's individual capacity claims for damages based on: (i) Fourth Amendment violations arising from his strip search against Officer Devost, Officer Rickett, Lieutenant Trumell, and Unit Manager Verrastro; (ii) Eighth Amendment violations arising from sexual abuse against Devost, Rickett, Trumell, and Verrastro; (iii) Eighth Amendment violations for deliberate indifference to his safety and to his mental health against Devost, Rickett, Trumell, and Verrastro; and (iv) Fourth Amendment violations against Counselor Arnold and Verrastro. Plaintiff's state-law claims may also proceed at this time (though, like any claim, they are subject to dismissal in the ordinary course, *see* note 1, *supra*).

(2) The Defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of this order.  If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  The Defendants may also include any and all additional defenses permitted by the Federal Rules.

(3) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **November 11, 2025**.  Discovery requests shall not be filed with the Court.

(4) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures."  *See* ECF No. 15.

(5) All motions for summary judgment shall be filed by **December 11, 2025**.

(6) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the Court.  **Failure to do so may result in the dismissal of the case**.  The Plaintiff must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  He should also notify the defendants or defense counsel of his new address.

(8) The Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the court.  The Plaintiff is advised that the Program may be used only to file documents with the court.

Local court rules provide that discovery requests are not filed with the court.  D. Conn. L. Civ. R. 5(f).  Therefore, discovery requests must be served on Defendants' counsel by regular mail.

Dated at Bridgeport, Connecticut this 11th day of September, 2025.

/s/ Kari A. Dooley
Kari A. Dooley
United States District Judge